IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-cv-23289-KMM

RICHARD LAMBERTSON,

    Plaintiff,

vs.

GO FIT, LLC, an Oklahoma corporation, and
DICK'S SPORTING GOODS, INC., a
Pennsylvania corporation,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand (ECF No. 6). Defendant Go Fit, LLC ("Go Fit") filed a Response (ECF No. 9), and Plaintiff filed a Reply (ECF No. 10). UPON CONSIDERATION of the Motion, Response, Reply, Defendant's Notice of Removal (ECF No. 1), Plaintiff's Complaint (ECF No. 1-2), the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

**I. BACKGROUND**

This is a products liability action. Plaintiff Richard Lambertson is a resident of the state of New York. Defendant Go Fit is an Oklahoma corporation that designs, manufactures, markets, sells, and distributes fitness equipment, including the subject Go Fit Smart Weight power tube exercise band.[1] Plaintiff alleges that he was utilizing the subject exercise band in a hotel room in Miami in a foreseeable way, when the exercise band suddenly and violently

---

[1] Defendant Dick's Sporting Goods, Inc. is a Pennsylvania corporation that sells and distributes various sporting goods, including fitness equipment. There is nothing in the record showing that Dick's Sporting Goods, Inc. was ever served with the Complaint, nor is the corporation represented by counsel. It appears Plaintiff is only pursuing this case against Defendant Go Fit.

1

snapped back and struck him in both of his eyes. Plaintiff allegedly sustained serious and permanent injuries to his eyes. On March 22, 2012, Plaintiff filed the Complaint in Florida state court, alleging claims for negligence and strict liability against Go Fit. Defendant Go Fit was served on July 13, 2012. On July 30, 2012, Go Fit propounded requests for admissions relating to Plaintiff's damages. Plaintiff responded on August 29, 2012, admitting that the amount in controversy exceeds $75,000.00. Pursuant to this Court's diversity jurisdiction, Defendant Go Fit removed this matter to this Court on September 10, 2012.

## II. ANALYSIS

Title 28 U.S.C. §1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Parties do not dispute that the Parties are diverse and that the amount in controversy exceeds the jurisdictional requirement. Rather, Plaintiff moves for remand on the ground that removal was not timely effected.

28 U.S.C. § 1446(b) sets forth the time limit for removal:

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

\* \* \* \*

(3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

2

The Parties disagree on what triggered the thirty-day period in which Defendant had to remove the action. In the Motion for Remand, Plaintiff contends that the Complaint was removable on its face, or, alternatively, that Plaintiff's demand letter package seeking over $900,000 put Defendant on notice that the jurisdictional minimum was met. Plaintiff argues, "[T]he Complaint *combined with* the demand letter package gave Go Fit actual notice that the case met the jurisdictional minimum more than thirty days before it filed its Notice of Removal." Mot., at 5. Defendant, in contrast, directs this Court to Plaintiff's response to Defendant's request for admissions as the trigger for the removal timeframe. Defendant removed the action twelve days after Plaintiff's response admitting that the amount in controversy exceeds $75,000.00.

In the present action, the initial pleading stated only that the amount in controversy exceeded $15,000, which would not make the action removable. See Compl., ¶1. Plaintiff, nevertheless, argues that it was not necessary to allege specific damages in a dollar amount above $75,000, because the nature of the harm alleged was sufficient to put Defendant on notice that the case was removable with or without an accompanying demand. Pl. Reply, at 2 (citing Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009) (recognizing that the jurisdictional minimum can be established by reference to the severity of harm suffered as alleged in the Complaint, even without a separate statement of the dollar value thereof)). Plaintiff's Complaint alleges that he suffered serious permanent physical injuries, including near complete blindness in one eye and partial vision loss in his other eye. Compl., ¶8. While this Court agrees that Plaintiff alleged serious injuries, this Court will not speculate as to the amount of damages resulting from these injuries and cannot expect Defendant to have done so, where the pleading itself states only that the amount in controversy exceeds $15,000. See Estate of Bender

v. Mazda Motor Corp, No. 09-0735-KD-M, 2010 WL 653716, at *1 (S.D. Ala. Feb. 19, 2010) (remanding the case after finding that the amount in controversy is not readily deducible from the documents before the Court where the complaint alleged that a car's airbag improperly deployed causing the driver's injuries, which resulted in his death); Hammeling v. Eli Lilly & Co., No. 09-CV-748-WKW, 2010 WL 431262, at *2 (M.D. Ala. Feb. 3, 2010) (declining to find that the amount in controversy exceeds $75,000 where plaintiff alleged, among other damages, severe and permanent vision loss and economic losses and noting "the court will not speculate as to the amount of damages resulting from the loss of vision in one eye and the potential loss of vision in the other").

Thus, this Court turns to 28 U.S.C. § 1446(b)(3). "Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." Wilson v. Target Corp., Case No. 10-CV-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (discussion of the judicial development of the term "other paper"); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir. 2000) (correspondence); Wilson v. Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989) (response to requests for admissions)). "The definition of "other paper" is broad and may include any formal or informal communication received by a defendant." Id. (citing Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)). It is undisputed that Plaintiff sent Defendant a pre-suit demand package estimating $920,000 in total damages and offering to settle the case for $100,000 on February 23, 2012. Plaintiff again sent demand letters to Defendant's counsel on April 4, 2012 and July 6, 2012.

4

District courts in this circuit are divided on the issue of whether a claimant's pre-suit settlement demand letter can serve as notice of a claim's value so as to trigger the thirty-day time period set forth in 28 U.S.C. § 1446(b).  Compare Wilson, 2010 WL 3632794 (declining to find that the pre-suit settlement offer was determinative of the amount in controversy and stating that the proper triggering document for the time period was plaintiff's response to defendant's request for admissions); Jade E. Towers Developers v. Nationwide Mut. Ins. Co., 936 F. Supp. 890 (N.D. Fla. 1996) ("Although the defendant may utilize information from such a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b).") with Katz v. J.C. Penney Corp., Inc., 09-CV-60067, 2009 WL 1532129 (S.D. Fla. June 1, 2009) (concluding that defendant met its jurisdictional burden of establishing that the amount in controversy exceeds $75,000 based on evidence of actual damages and future damages set forth in plaintiffs' pre-suit demand package coupled with plaintiffs' failure to deny or otherwise contradict the information contained in its pre-suit demand package).

In the present action, Defendant argues, "Defendant followed the well-recognized and accepted practice of basing its notice of removal upon Plaintiff's answers to requests for admission about the amount in controversy so as to avoid the speculation and the subjective ambiguity inherent in seeking removal based on the selectively-chosen documents appended to a pre-suit settlement demand letter." Def. Resp., at 7.  Defendant directs this Court to the Fifth Circuit's opinion in Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992) as setting forth what papers trigger the thirty-day removal period.  The Chapman court looked at the language of 28 U.S.C. § 1446(b), concluding that "adhering to the plain language of the second paragraph of § 1446(b) by requiring that an 'other paper,' in order to trigger the thirty-day time period, be received by a defendant only after that defendant has received the initial pleading . . . produces a

5

result that is entirely consistent with the intentions of its drafters." Chapman, 969 F.2d at 164–65 (citations omitted). The Chapman court adopted the rule that the thirty-day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court, concluding that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. at 163.

Defendant also relies upon Village Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co., Case No. 09-cv-1711-Orl-31DAB, 2009 WL 4855700 (M.D. Fla. Dec. 10, 2009), which noted, "[T]he polices regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants. Congress has made clear its intent that defendants must be circumspect in deciding whether to remove a case." Village Square, 2009 WL 4855700, at *4 (citing 28 U.S.C. § 1447(c) (permitting courts to require defendants to pay costs and attorneys' fees when granting motions to remand)). "As other courts have recognized, if pre-suit documents were allowed to trigger the thirty-day limitation in 28 U.S.C. § 1446(b), defendants would be forced to 'guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests.'" Id. Therefore, the court in Village Square held that pre-suit documents concerning the amount in controversy do not trigger the thirty-day clock in 28 U.S.C. § 1446(b).

This Court finds that the proper triggering document in this case was Plaintiff's response to Defendant's request for admissions. Defendant removed this action twelve days after receiving that confirmation that Plaintiff sought above $75,000.00 in damages. This Court is

satisfied that Defendant effectuated a timely removal of this action.  Therefore, this Court has jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of January, 2013.

                                                                            _____
                                                                            K. MICHAEL MOORE
                                                                            UNITED STATES DISTRICT JUDGE

cc:     All counsel of record